violates the regulations contained in DR 2-101(C), and if it clearly reflects that the lawyer has not been officially recognized or certified as a specialist.

A copy of this order will be given to the secretary of the State Bar and to the State Court Administrator so that they can make the notifications specified in GCR 1963, 933. Comments on this proposal may be sent to the Supreme Court clerk within 60 days after it is published in the State Bar Journal.

*Staff Comment:* The proposal is taken from "Proposal B" submitted to the American Bar Association House of Delegates in August 1977, See 63 ABA J 1177, 1234 (September 1977). The State Bar Representative Assembly has recommended to the Court the adoption of a modified version of the American Bar Association's "Proposal A." [The present language was reported in 399 Mich lxxviii and 401 Mich *ante,* p lxxvi.]

The staff comment is published only for the benefit of the bench and bar and is not an authoritative construction by the Court.

OCTOBER 25, 1977

BODE v ROSEVILLE COMMUNITY SCHOOL DISTRICT. (Docket No. 58625.) The motion by defendant-appellee to strike a portion of plaintiff-appellant's brief is considered, and it is granted. Issues I–IV, as argued at pp 11–32 of plaintiff-appellant's brief, are stricken from the brief. Plaintiff-appellant shall file a supplemental brief within 45 days of the certification of this order addressing the five issues presented in the original brief accompanying his original application for leave to appeal, except that the supplemental brief need not reiterate arguments made under Issues V–VII (pp 32–38) of the brief filed July 28, 1977. Defendant-appellee may file its brief within 60 days of the filing of appellant's supplemental brief. Defendant-appellee may tax costs incurred on this motion. *Kiefer, Allen & Cavanagh* for plaintiff-appellant. *LaBarge, Zatkoff & Dinning, P. C.,* for defendant-appellee. Case below, Court of Appeals No. 24484, per curiam opinion of May 4, 1976.

PEOPLE v CARTER. (Docket No. 59982.) Request for counsel denied. *Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Research, Training & Appeals, and *Arthur N. Bishop,* Assist-

ant Prosecuting Attorney, for the people. *Norman R. Robiner* for appellant. Case below, Court of Appeals No. 29164, order of February 24, 1977.

OCTOBER 26, 1977

PEOPLE v McINTYRE. (Docket No. 59673.) Request for counsel denied. Herbert McIntyre, *in propria persona,* appellant. Reported below: 74 Mich App 661.

PEOPLE v BENAVIDES. (Docket Nos. 59886–59888.) Request counsel denied. Reuben Benavides, *in propria persona,* appellant. Case below, Court of Appeals Nos. 28839–28841, order of March 17, 1977.

NOVEMBER 3, 1977

*In re* PBB LITIGATION. (Docket No. 60519.) The Michigan Chemical Corporation and Farm Bureau Services, Inc.'s petition for order of superintending control and motion for preliminary implementation order and a response thereto are considered.

The *ultimate* objective of the petition is stated to be to "afford an opportunity to all PBB litigants to have their cases heard and finally concluded by the arbitration process without the delay and cost attendant upon a formal adjudication process". In aid of that objective the petition requests this Court to issue orders which would

"Transfer all pending PBB cases (excluding the *Tacoma* proceedings currently in trial) to a single, specially-designated, judicial officer or court;

"Establish a special arbitration panel composed of a hearing officer and four other members, to be drawn from scientific or specialized fields germane to the issues involved in the PBB cases;

"Establish rules (for schedules, procedures, discovery, evidence and the like) applicable to cases heard by the PBB arbitration panel".

The petition requests this Court, *prior* to the issuance of any other orders, specifically before the issuance of any orders to implement the ultimate objective of the petition, to order an initial hearing. It is hereby ordered that such hearing be held at the Supreme Court hearing room on Thursday, December 8, 1977 at 9:30 a.m.

Any person, agency, or organization who can identify an interest in the outcome of PBB-related litigation may request to be heard at the